IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STANLEY SCOTT,

                      Petitioner,                              ORDER

v.

                                                      21-cv-0069-wmc

DEPARTMENT OF CORRECTIONS,
State of Wisconsin,

                      Respondent.

Stanley Scott has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. Scott is presently serving a term of extended supervision on Dodge County Case No. 16 CF 151. According to the petition, Scott was convicted in that case of one count of possession with intent to deliver cocaine, for which he received a 10-year sentence (three years prison and seven years extended supervision). Scott asserts 13 grounds for relief, including several claims of ineffective assistance of counsel and a claim that his no-contest plea was not entered knowingly and intelligently. Presiding Judge William Conley has referred the petition to me for preliminary screening under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254. From the petition and public records available online, I find the following facts:

FACTS

Scott was convicted on July 20, 2017. His appointed appellate attorney filed a no-merit brief in the Wisconsin Court of Appeals, identifying potential issues and explaining why they had no merit. Scott was sent a copy of the no-merit report and he filed a response. In an opinion and order dated February 28, 2019, the court of appeals determined from

its review of the record, the no-merit report, and Scott's response that there were no issues of arguable merit. *State v. Scott*, 2018AP529-CRNM (Wis. Ct. App. Feb. 28, 2019) (unpublished summary disposition), PDF version available at www.wicourts.gov/ca/opinion. However, Scott did not appeal that decision to the Wisconsin Supreme Court.

About a year later, on February 18, 2020, Scott filed a petition for a writ of habeas corpus in the Wisconsin Court of Appeals. The Wisconsin Court of Appeals denied the petition on March 4, 2020. Once again, Scott did not petition the Wisconsin Supreme Court to review the court of appeals' decision.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief." Under Rule 4, the court analyzes preliminary obstacles to review, such as whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims. In this case, two major procedural obstacles stand in the way of this court reviewing the merits of Scott's claims: (1) exhaustion; and (2) timeliness.

### I. Petitioner Did Not Properly Exhaust His Claims

First, Scott never presented his claims all the way to the Wisconsin Supreme Court, meaning that he failed to properly exhaust his claims. *O'Sullivan v. Boerckel*, 526

U.S. 838, 845 (1999); *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Moreover, because he pursued a direct appeal and then a writ of habeas corpus, he does not appear to have any more state remedies available by which to present his claims.

When a petitioner has failed to present his claim at all levels of state court review and no state court remedies remain, he is said to have "procedurally defaulted" his federal claim. *See Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). A prisoner who has procedurally defaulted his claim "may obtain federal habeas relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant him relief would work a fundamental miscarriage of justice. A fundamental miscarriage of justice occurs when 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986); additional internal citations omitted).

## II. The Petition Is Untimely

Under 28 U.S.C. § 2244, a state prisoner generally has one year after his conviction is final in which to file a federal habeas petition. The one year limitation begins to run from the latest of: (1) the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which any state impediment to filing the petition was removed; (3) the date on which the constitutional right asserted was first recognized by the Supreme Court, if that right was also made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claims could have been discovered through the exercise of due diligence. *See* § 2244(d)(1)(A)-(D). Under 28 U.S.C. § 2244(d)(2), time is tolled

-- that is, the one-year clock does not run -- during the pendency of any properly filed application to the state for post-conviction relief.

Scott's direct review of his conviction concluded on March 28, 2019 -- 30 days after the Wisconsin Court of Appeals rejected his direct appeal -- which was the last day on which he could have filed a petition for review with the Wisconsin Supreme Court. *See* Wis. Stat. § 808.10 (petition for review must be filed in supreme court within 30 days of date of court of appeals' decision). His federal habeas clock started running the next day, March 29, 2019, and did not stop until petitioner filed his petition for a writ of habeas corpus in the Wisconsin Court of Appeals on February 18, 2020. By that time, 326 days had elapsed from petitioner's habeas clock. Petitioner's habeas clock began running again once that petition was no longer "pending," which was on March 5, 2020, the date after the Wisconsin Court of Appeals denied the writ. It expired 39 days later, on Monday, April 13, 2020. Petitioner did not file his habeas petition until January 28, 2021, more than eight months later. Thus, it is untimely under 28 U.S.C. § 2244(d)(1)(A).

As a result, the petition must be dismissed unless petitioner can present specific facts to show that a state-created impediment prevented him from filing his petition any earlier than he did, § 2244(d)(1)(B), or that his claims rest on facts that he could not have discovered earlier than he did even had he exercised due diligence. 28 U.S.C. § 2244(d)(1)(D). (Petitioner is not seeking relief on the basis of a newly recognized and retroactive constitutional right, so § 2244(d)(1)(C) does not apply.) Alternatively, he could attempt to show that he is entitled to equitable tolling of the limitations period, which requires him to establish (1) that he has been pursuing his rights diligently, and (2)

that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *Socha v. Boughton*, 763 F.3d 674, 684-85 (7th Cir. 2014).

III. **Scott Must File a Supplement to His Petition**

Before dismissing the petition, it is proper to give Scott the opportunity to show (1) that he can satisfy either the cause-and-prejudice or fundamental miscarriage of justice exceptions to the procedural default bar; *and* (2) that his petition is timely under one of the provisions of 28 U.S.C. § 2244(d)(1) or that he qualifies for equitable tolling of the limitations period. Scott shall have until March 5, 2021 in which to file a supplement setting forth specific facts to show that he can overcome *both* procedural obstacles to his federal habeas petition. If he fails to do so, then the presiding judge will likely dismiss the petition.

ORDER

IT IS ORDERED that, not later than March 5, 2021, petitioner Stanley Scott shall file a supplement to his petition presenting facts to show the following:

> (1) that he can satisfy either (a) the cause-and-prejudice or (b) the miscarriage-of-justice exceptions to the procedural default rule; AND
>
> (2) that his petition is timely or, alternatively, that he meets the criteria for equitable tolling.

If petitioner fails to make either of these showings, or if he fails to file a supplement by March 5, 2021, then the presiding judge is likely to dismiss the petition.

Entered this 8th day of February, 2021.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge