IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

STANLEY SCOTT,

                Petitioner,                OPINION AND ORDER

    v.

                                                 21-cv-0069-wmc

DEPARTMENT OF CORRECTIONS,
State of Wisconsin,

                Respondent.

Stanley Scott is presently serving a term of extended supervision and seeks federal habeas relief from his Dodge County, Wisconsin, conviction for possessing more than 40 grams of cocaine with intent to deliver, as a second or subsequent offense. (Pet. (dkt. #1).) After reviewing the petition under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, Magistrate Judge Stephen Crocker determined that: (1) Scott procedurally defaulted his claims by failing to pursue them all the way to the Wisconsin Supreme Court; and (2) Scott failed to file his petition within the one-year limitations period set out in 28 U.S.C. § 2244.  Accordingly, Magistrate Judge Crocker ordered Scott to file a supplement to his petition presenting facts to show the following:

> (1) that he can satisfy either (a) the cause-and-prejudice or (b) the miscarriage-of-justice exceptions to the procedural default rule; AND
>
> (2) that his petition is timely or, alternatively, that he meets the criteria for equitable tolling.

(2/8/21 Ord. (dkt. #2) 6.)

Scott has complied with that order and filed a supplement. (Dkt. #3.)  In it, however, he neither denies that the petition is untimely nor that he failed to pursue any of his claims to the Wisconsin Supreme Court.  However, Scott never explains in his lengthy supplement *why*

he failed to appeal to the Wisconsin Supreme Court or file his petition on time. For the most part, Scott merely repeats various allegations of wrongdoing by the police, the prosecutor, and his appointed attorneys, all of which the Wisconsin Court of Appeals rejected when it affirmed his conviction on appeal. *See State v. Scott*, 2018AP529-CRNM (Wis. Ct. App. Feb. 28, 2019) (agreeing with appointed appellate counsel that there were no issues of arguable merit).[1] Moreover, because Scott has not identified any external obstacle or extraordinary circumstance that thwarted him from exhausting his claims or filing a timely petition, this court has no basis to find cause for his procedural default or to excuse his untimely filing.

Accordingly, Scott's only remaining route to federal habeas review lies in him presenting a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (holding that miscarriage of justice exception can overcome petitioner's failure to comply with AEDPA's statute of limitations, as well as failures to comply with state procedural rules). To qualify under this demanding exception, however, a petitioner must persuade the district court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S 298, 329 (1995). To be "new," the evidence does not need to be "newly discovered," but it must not have been presented at trial. *Gladney v. Pollard*, 799 F.3d 889, 898 (7th Cir. 2015). Unfortunately for Scott, he has failed to identify any new evidence that was not presented in the state court proceedings.

To the contrary, even before Scott agreed to enter an *Alford*[2] plea to the charged offense, the circuit court had already held a suppression hearing, finding: (1) the police had reasonable suspicion to stop Scott's vehicle for a traffic violation; (2) police conducted a lawful dog sniff

---

[1] PDF version available at www.wicourts.gov/ca/opinion.

[2] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

during the stop while they were verifying an outstanding arrest warrant for Scott; and (3) the positive alert by the dog provided probable cause to conduct their search. Moreover, there is no dispute that during the subsequent search of the vehicle, which Scott had been driving alone, police discovered 250 grams of cocaine.

While Scott also suggests that the prosecutor deprived him of exculpatory evidence by suppressing material video of the traffic stop, *see* Supp. (dkt. #3) 9, the Wisconsin Court of Appeals correctly found that this, too, "was fully litigated in the circuit court, and the court found that all of the video evidence had been turned over to the defense." *Scott*, No. 2018AP529-CRNM, at 8. Similarly, while Scott protested his innocence to the charge, he agreed to plead guilty anyway. *See State v. Garcia*, 192 Wis. 2d 845, 851 n.1, 856, 532 N.W. 2d 111 (1995) ("An *Alford* plea is a guilty plea where a defendant pleads guilty to a charge but either protests his innocence or does not admit to having committed the crime."). Thus, Scott has come forth with *no* evidence of which he was unaware at his plea, much less evidence that would have established his actual innocence had he proceeded to trial, and his petition must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must also issue *or* deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard then, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

3

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Generally, if a district court dismissed a habeas petition based on procedural grounds without reaching the underlying constitutional claims, then a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. However, here, I conclude that no reasonable jurist would disagree that: Scott's petition is untimely; his claims are procedurally defaulted; and he has failed to show grounds for excusing these defaults. Therefore, Scott will be denied a certificate of appealability as well.

ORDER

IT IS ORDERED that Stanley Scott's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED. No certificate of appealability shall issue.

Entered this 10th day of May, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge